UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TOSHA ANGELLE, ET AL | * | CIVIL NO. 6:11-2101 |
| VERSUS | * | MAGISTRATE JUDGE WHITEHURST |
| OFFSHORE STAFFING SERVICES OF ACADIANA, LLC | * | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

This matter was set for trial to commence on January 11, 2016. Due to the plaintiffs' repeated failure to comply with the Orders of this Court, I find that this case should be **DISMISSED WITH PREJUDICE**.

### Background

On December 5, 2011, plaintiffs, Tosha Angelle ("Angelle") and Michael Journet ("Journet"), filed a Complaint and Jury Demand with this Court against defendant, Offshore Staffing Services of Acadiana, LLC ("OSS"), for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. [rec. doc. 1]. At that time, plaintiffs were represented by attorneys James L. Arruebarrena ("Arruebarrena") and Rachel Martin-Deckelmann. By Scheduling Order dated June 18, 2012, Judge Doherty this case for jury trial on July 8, 2013. [rec. doc. 13].

On April 12, 2013, the parties filed a Joint Motion to Continue Trial. [rec. doc. 17]. On April 30, 2013, Judge Doherty granted the motion. [rec. doc. 18].

After the parties consented to trial by a magistrate judge, Judge Doherty referred this case to Magistrate Judge C. Michael Hill by Order of Reference dated July 18, 2013. [rec. doc. 25].

On July 24, 2013, Judge Hill issued a Scheduling Order setting the trial for March 17, 2014. [rec. doc. 26].

On December 18, 2013, plaintiffs filed an Unopposed Motion to Continue Trial Date. [rec. doc. 27]. By Order dated December 19, 2013, Judge Hill granted the motion. [rec. doc. 28].

After a Scheduling Conference, Judge Hill issued a Scheduling Order on January 27, 2014, resetting the trial for August 18, 2014. [rec. doc. 32]. On April 23, 2014, Arruebarrena filed an Ex-Parte Motion to Withdraw as counsel of record because of his medical condition. [rec. doc. 33]. By Order dated April 24, 2014, Judge Hill granted the motion. [rec. doc. 34].

On May 14, 2014, Judge Hill held a telephone conference, in which Journet, proceeding *pro se*, participated. However, Angelle failed to appear. [rec. doc. 35]. Accordingly, Judge Hill issued an Order directing Angelle to contact the law clerk to provide her current address and telephone number, and set another telephone status conference for July 1, 2014.

On July 1, 2014, Judge Hill held another telephone conference. [rec. doc. 36]. Again, Angelle failed to appear for the conference. Accordingly, Judge Hill order that a Notice of Intent to Dismiss as to Angelle be issued. On July 2, 2014, the Clerk issued a Notice of Intent to dismiss Angelle's case for failure to apprise the Court of her change of address and her failure to attend the two telephone conferences. [rec. doc. 37].

By Scheduling Order dated July 2, 2014, Judge Hill set the trial for February 9, 2015. [rec. doc. 38]. Subsequent to the issuance of the Scheduling Order, Angelle sent a response regarding the Notice of Intent to Dismiss, which was filed on July 15, 2014. [rec. doc. 40]. By Order dated July 18, 2014, Judge Hill issued on Order in which he found that Angelle had shown

2

good cause and, accordingly, the Court would not dismiss her lawsuit. [rec. doc. 39]. In that Order, Judge Hill stated as follows:

> Ms. Angelle is nevertheless expressly advised that although she works offshore, she must adjust her work schedule to comply with all future court orders and obligations imposed on her as a *pro se* plaintiff. She is not excused from meeting all court deadlines, including all deadlines contained in this Court's Scheduling Order (rec. doc. 38), and complying with court rules and orders. *Any future failures on her part will be considered cause for dismissal of this action*.

(emphasis added).

On November 17, 2014, Drew E. Nordgren ("Nordgren") and Christopher A. Meeks ("Meeks") filed a Motion to Enroll Counsel of Record. [rec. doc. 43]. By Order dated November 19, 2014, Judge Hill granted the motion. [rec. doc. 44]. On January 1, 2015, Judge Hill issued a Scheduling Order setting the trial for July 20, 2015. [rec. doc. 46].

On June 25, 2015, Judge Hill held a telephone status conference, and ordered the trial to be reset. [rec. doc. 57]. On June 25, 2015, Judge Hill issued a new Scheduling Order resetting the trial for January 11, 2015. [rec. doc. 58].

On September 11, 2015, the case was reassigned to the undersigned. [rec. doc. 59]. Subsequently, on November 18, 2015, Meeks and Nordgren filed a Motion to Withdraw as Counsel of Record. [rec. doc. 60].

On November 23, 2015, the Court held a telephone hearing on the motion to withdraw. [rec. doc. 62]. Meeks, Nordgren, Angelle, Journet and defense counsel, Ian A. MacDonald ("MacDonald"), participated in the conference. At that time, Meeks and Nordgren informed the Court that they were seeking to withdraw based on plaintiffs' lack of cooperation. Accordingly,

the Court granted the motion, and directed the Clerk to send a copy of notice by certified mail to plaintiffs at the addresses which they provided at the telephone conference.

In the Order granting the motion, the Court cautioned as follows:

> **FAILURE TO COMPLY WITH THE COURT'S ORDERS AND DEADLINES MAY RESULT IN THE IMPOSITION OF SANCTIONS, UP TO AND INCLUDING THE DISMISSAL OF THIS CASE**.

[rec. doc. 63].

On December 9, 2015, defendant filed a Proposed Pretrial Order. [rec. doc. 70]. Plaintiffs did not submit their inserts for the Pretrial Order.

On December 16, 2015, the Court held the Pretrial Conference. [rec. doc. 72]. Angelle appeared for the conference; however, Journet did not. Accordingly, the Court issued an Order to Show Cause why Journet's case should not be dismissed for his failure to appear at the Pretrial Conference, and for his failure to comply with this Court's Orders. [rec. doc. 74].

On December 16, 2015, defendant filed a Stipulation for Nonjury Trial. [rec. doc. 71]. By Order dated December 17, 2015, the Court granted the motion, and set the deadline for Trial briefs, Will Call Witness List, Real Time Glossary, and CD Rom Exhibits for January 4, 2016. [rec. doc. 76].

On December 28, 2015, the Court held the Show Cause Hearing. [rec. doc. 79]. Prior to the hearing, Journet called the undersigned's law clerk and informed her that he could not attend the Pretrial Conference or the Show Cause hearing due to the fact that he was working in New York. Journet emailed documentation and a letter to the Court giving his current address. [rec. doc. 80]. Based on this documentation, the Court found good cause for his failure to appear.

In the Minutes of Show Cause Hearing, the Court directed the Clerk of Court to send a copy of the notice, the Scheduling Order, Minutes of Pretrial Conference, and Order granting Stipulation and imposing Deadlines by certified mail to Journet at the address indicated in the letter. [rec. doc. 80]. Once again, the Court cautioned as follows:

> **FAILURE TO COMPLY WITH THE COURT'S ORDERS AND DEADLINES *WILL* RESULT IN THE IMPOSITION OF SANCTIONS, UP TO AND INCLUDING DISMISSAL OF THIS CASE.**

(emphasis added).

On January 4, 2016, defendant filed its Trial Brief [rec. doc. 81] and Witness List [rec. doc. 82]. However, plaintiffs failed to file their Trial Brief or Witness List as ordered by the Court.

## Analysis

Rules 16 and 37 of the Federal Rules of Civil Procedure set forth the Court's discretionary power to control the expeditious disposition of docketed cases. *Ackel v. Center Court Investments, L.L.C.*, 2007 WL 4365428, *2 (W.D. La. Dec. 12, 2007) (Doherty, J.). Rule 16 provides for the imposition of sanctions for violations of scheduling and pretrial orders of the Court as follows:

> **(f)** *Sanctions*.
>
>> **(1)** *In General*. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

>    **(A)** fails to appear at a scheduling or other pretrial conference;
>
>    **(B)** is substantially unprepared to participate--or does not participate in good faith--in the conference; or
>
>    **(C)** fails to obey a scheduling or other pretrial order.

Under Rule 37(b)(2)(A)(v), the district court is specifically authorized to dismiss a claim, and its discretion thereunder is broad. *Moore v. CITGO Refining and Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013); *Ackel*, at *2 (*citing F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir.1994)). Additionally, Rule 41(b) authorizes dismissal of a claim with prejudice for failure to prosecute. *Ackel*, at *2. Such dismissal may be pursuant to a defense motion or upon the Court's own motion. *Id*. (*citing Colle v. Brazos County, Texas*, 981 F.2d 237, 242–243 (5th Cir.1993); *Manuel v. Stryker Orthopaedics*, 2010 WL 1251768, *2 (W.D. La. Feb. 26, 2010) (Hanna, J.). The authority for such dismissal is based on the Court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Ackel*, at *2 (*citing Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1190 (5th Cir.1992); *Colle*, 981 F.2d at 242–243). The decision of the Court to dismiss with prejudice must be upheld on appeal unless it can be said that the court abused its discretion. *Colle*, *supra*.

Dismissal with prejudice for failure to prosecute is an extreme sanction, to be used only when the plaintiff's conduct has threatened the integrity of the judicial process in a way that leaves the court no choice but to deny the plaintiff its benefits. *Berry,* 975 F.2d at 1191; *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir.1982). Thus, dismissal with prejudice is appropriate only where: (1) there is a clear record of delay or contumacious conduct by the plaintiff; and (2) the court has expressly determined that lesser sanctions would not prompt diligent prosecution,

or the record shows that the court employed lesser sanctions which proved to be futile. *Berry*, 975 F.2d at 1191. In most cases, where the Fifth Circuit has affirmed dismissal with prejudice, the court found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant, or (3) delay caused by intentional conduct. *Id*.

Here, because plaintiffs were acting *pro se*, they had no counsel to blame for their actions. *Pegues v. PGW Auto Glass, L.L.C.*, 451 F. App'x 417, *1 (5th Cir. 2011). In fact, plaintiffs' last counsel withdrew due to plaintiffs' failure to cooperate. The record reflects plaintiffs have repeatedly failed to comply with court orders, even after several chances to comply, including the following:

(1) Angelle's failure to participate in the telephone conference held on May 14, 2014;

(2) Angelle's failure to participate in the telephone conference held on July 1, 2014;

(3) Plaintiffs' continued failure to promptly apprise the Court of their change of address;

(4) Plaintiffs' lack of cooperation with their attorneys, causing them to file a motion to withdraw;

(5) Plaintiffs' failure to submit their inserts for the Pretrial Order;

(6) Plaintiffs' failure to file their Trial Brief or Witness List by the deadline.

Additionally, the trial date in this matter was continued five times. Despite these numerous opportunities for plaintiffs to prepare for trial, they have failed to comply with the deadlines set by this Court. Plaintiffs were repeatedly and expressly warned that their failure to comply with the orders of this Court would result in dismissal of their claims. Thus, the Court

finds that the failure to prosecute the instant case, and the delay caused thereby, were due to plaintiffs' inaction and were not the fault an attorney.

Further, the Court notes that copies of all orders were sent to plaintiffs by certified mail. Local Rule 11.1 provides that "[e]ach attorney and pro se litigant has a continuing obligation to *promptly* notify the court in writing of any address change." (emphasis added). Despite the Court's repeated warning to plaintiffs that they had a duty to keep the Clerk of Court apprised of their current mailing addresses, several of the certified mail receipts sent to plaintiffs were returned as undeliverable or unclaimed. [rec. docs. 47, 48, 68, 69, 77, 78].

Thus, after consideration of the record, this Court concludes the delay in this case has been occasioned by plaintiffs themselves and not by an attorney, and the delay caused by plaintiffs have actually prejudiced the defendant. The trial is less than one week away, and plaintiffs have utterly failed to cooperate in discovery, prepare inserts for the pretrial order, or submit their pretrial brief and witness list. Thus, the Court concludes the instant case should be dismissed for plaintiff's failure to prosecute and for plaintiff's repeated failures to comply with court orders.

## Conclusion

Based on the foregoing reasons, **IT IS ORDERED** that this case is hereby

**DISMISSED WITH PREJUDICE**.

Signed this 6th day of January, 2016, at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE